IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELI JOSEPH RUFFING** and **CHELSI ANN RUFFING** his wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:25cv1888 **Electronic Filing** |
| **CRANE COMPANY** and **MPW INDUSTRIAL SERVICES, INC.,** | ) ) ) | |
| Defendants. | ) | |

### MEMORANUM and ORDER

Eli and Chelsi Ruffing ("plaintiffs") commenced this action in the Allegheny County Court of Common Pleas on November 5, 2025, by filing a *praecipe* for writ of summons. Crane Company and MPW Industrial Services, Inc., ("defendants") removed the action to this court on December 5, 2025. Presently before this court is plaintiffs' motion to remand. Because an adequate basis for removal has not been presented, plaintiffs' motion will be granted.

It is black letter law that removal is permitted after a plaintiff has filed "an initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, plaintiffs filed a *praecipe* for writ of summons, not a complaint. For the purposes of removal, the Third Circuit has clarified that "[a] summons may not serve as an initial pleading" because, "the time to remove is triggered by 'receipt of the complaint, through service or otherwise, *after and apart from service of the summons*.'" Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2004) (emphasis in original) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999)). Not mincing words, the Third Circuit concluded: "[w]e therefore hold that Murphy Bros. implicitly overruled Foster, and a writ of

summons can no longer be the 'initial pleading' that triggers . . . removal under the first paragraph of 28 U.S.C. § 1446(b)."  Id. at 223.

It follows that an adequate basis for removal has not been presented.  Consequently, the matter will be remanded to the Allegheny County Court of Commons Pleas.  An appropriate order follows.

### **ORDER**

AND NOW, this 27th day of April, 2026, IT IS ORDERED that [4] plaintiffs' motion to remand be, and the same hereby is, granted.  The Clerk of Court is directed to remand this case to the Allegheny County Court of Common Pleas forthwith.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Albert J. Evans, Esquire
        Christopher G. Mavros, Esquire
        Theodore M. Schaer, Esquire

        (*Via CM/ECF Electronic Mail*)